**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| VIRGIL W. BRITT, JR. | CIVIL ACTION NO. 17-01117 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BROOKSHIRE GROCERY CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 22) filed by Defendant Brookshire Grocery Company ("Brookshire" or "Defendant"). The motion seeks dismissal of all claims against Defendant. Plaintiff Virgil W. Britt, Jr. ("Britt" or "Plaintiff") opposes the motion (Record Document 25). For the reasons set forth below, Defendants' motion is hereby **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 8, 2016, Britt was in the produce section of Brookshire located at 817 W. Court Street in Winnfield, Louisiana. See Record Document 1-1 at 3. Britt was pushing his shopping cart when his "right foot stepped into a wet, slippery substance" causing him to "fall violently to the floor." Id. The substance was slimy and brownish in color. See Record Document 22-2 at 1. The parties dispute the size of the substance, however a photograph of the floor where Britt fell taken immediately following the accident depicts a small substance. See Record Document 22-5. Britt did not see anything on the floor prior to his fall. See Record Document 22-2 at 1; see also Record Document 25-4. Further, he did not know how the substance came to be on the floor or how long the substance had been on the floor. See id.

On July 21, 2017, Plaintiff filed suit in the 8th Judicial District Court for the Parish of Winn, State of Louisiana, against Brookshire. See Record Document 1-1. The suit alleges claims of negligence against Brookshire, asserting Brookshires' negligence was the sole cause of Plaintiff's fall. See id. at 4. On September 5, 2017, Brookshire removed the case to this Court pursuant to diversity jurisdiction. See Record Document 1.

In its motion for summary judgment, Defendant asserts Plaintiff fails to prove actual or constructive notice required under the Louisiana Merchant Liability Act. See Record Document 22. Plaintiff opposes the motion, asserting a genuine issue of material fact as to constructive notice. See Record Document 25 at 20. More specifically, Plaintiff asserts that based on the color of the substance and the surveillance video evidence, that the substance had been on the floor for a significant period of time. See id. at 16–21. Defendant did not file a reply.

**LAW AND ANALYSIS**

I. **Legal Standards**

A. **Summary Judgment Standard**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). A genuine dispute of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. See Geoscan, Inc. of Texas v. Geotrace Techs., Inc., 226 F.3d 387, 390 (5th Cir. 2000). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).

In reviewing a motion for summary judgment, the court must view "all facts and inferences in the light most favorable to the non-moving party." Rogers v. Bromac Title Servs., L.L.C., 755 F.3d 347, 350 (5th Cir. 2014). But the non-moving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a 'scintilla of evidence.'" Hathaway v. Bazanay, 507 F.3d 312, 319 (5th Cir. 2007) (internal citations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

### B. Louisiana Merchant Liability Act

The Louisiana Merchant Liability Act ("LMLA") governs negligence claims brought against merchants for accidents caused by a condition existing on or in the merchant's premises.[1] See Davis v. Cheema, Inc., 2014-1316, p. 6 (La. App. 4 Cir. 5/22/15), 171 So. 3d 984, 988. Under the LMLA, a merchant owes a duty "to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). This duty "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." Id.

The statute then sets forth the plaintiff's burden of proof, "in a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition

---

[1] As this case is before the Court pursuant to diversity of citizenship subject matter jurisdiction, this Court is bound to apply Louisiana substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938).

existing in or on a merchant's premises." La. R.S. 9:2800.6(B). In such cases, the plaintiff must prove—in addition to the other elements of negligence—all of the following things:

    (1)    The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

    (2)    The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

    (3)    The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Id. Because plaintiff has the burden of proving all three elements, "the failure to prove any is fatal to the claimant's cause of action." See White v. Wal-Mart Stores, Inc., 97-0393, p. 7 (La. 9/9/97), 699 So. 2d 1081, 1086.

With respect to the second element, the LMLA defines constructive notice to mean that the plaintiff "has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). The statute further clarifies that "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." Id. The jurisprudence has explained that constructive notice includes a temporal element in which the plaintiff must prove the condition existed for "some period of time" prior to the fall. See White, 699 So. 2d at 1084. While the time period "need not be specific in minutes or hours," the Plaintiff must come forward with some positive evidence to satisfy the temporal element. Id.

existing in or on a merchant's premises." La. R.S. 9:2800.6(B). In such cases, the plaintiff must prove—in addition to the other elements of negligence—all of the following things:

    (1)    The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

    (2)    The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

    (3)    The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Id. Because plaintiff has the burden of proving all three elements, "the failure to prove any is fatal to the claimant's cause of action." See White v. Wal-Mart Stores, Inc., 97-0393, p. 7 (La. 9/9/97), 699 So. 2d 1081, 1086.

With respect to the second element, the LMLA defines constructive notice to mean that the plaintiff "has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). The statute further clarifies that "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." Id. The jurisprudence has explained that constructive notice includes a temporal element in which the plaintiff must prove the condition existed for "some period of time" prior to the fall. See White, 699 So. 2d at 1084. While the time period "need not be specific in minutes or hours," the Plaintiff must come forward with some positive evidence to satisfy the temporal element. Id.

## II.　Analysis

This case is centered around the second element of the LMLA, specifically whether Defendant had constructive notice of the condition. Defendant asserts in its Motion for Summary Judgment that Plaintiff failed to identify any positive evidence necessary to satisfy constructive notice. See Record Document 22-1 at 1. Defendant contends that Plaintiff cannot establish constructive notice because Plaintiff did not see the substance before he slipped and fell, and because Plaintiff cannot identify the substance he slipped and fell on. See id. at 4. Furthermore, Defendant claims Plaintiff can offer no evidence demonstrating how long the substance was on the floor. See id. at 7.

In response, Plaintiff contends he satisfied the temporal element of constructive notice by showing multiple employees in the area before the incident, offering testimony describing the substance as brown with a buggy mark through it, offering testimony that the substance was potentially a grape or banana, and offering testimony that it took three employees to clean the substance off the floor. See Record Document 25 at 5–12. Moreover, Plaintiff contends the temporal element does not require Plaintiff prove the substance was on the floor for a specific period of time. Rather, Plaintiff need only to present evidence that leads to the reasonable inference that the substance was on the ground for a sufficient period of time. See id. at 14–16.

After a thorough review of the evidence, including the surveillance video and the applicable law, the Court finds summary judgment improper. Plaintiff has provided sufficient positive evidence to survive summary judgment on the issue of constructive notice. First, Plaintiff presented evidence that the substance he slipped and fell on was brown and had a buggy mark through it, indicating that the substance had been on the

ground for "some period of time." Record Document 25-2 at 3, 7–8. The accident report identifies the substance as a "crushed banana" that "looked slimy and almost a brown color." Record Document 22-4. Further, Maggie Skains, the assistant manager who completed the accident report, testified in her deposition that the substance looked like a crushed banana. See Record Document 25-2 at 3. Ms. Skains also identifies a buggy mark going through the substance after viewing a photo of the substance in her deposition. See id. at 7–8. Courts have found evidence that the substance was brown and had buggy marks through it enough to establish the temporal element of constructive notice. See Lacy v. ABC Ins. Co., 97-1182 (La. App. 4 Cir. 4/1/98), 712 So. 2d 189; see also Woods v. Wal-Mart Louisiana, LLC, No. 11-1622, 2012 WL 5926178 (W.D. La. Nov. 26, 2012). Therefore, this evidence leads to the conclusion that the substance had been on the ground for "some period of time."

Plaintiff also presented evidence that multiple employees were in the area of the slip and fall before the accident. Louisiana courts have made clear that "[t]he presence of a merchant's employee(s) near the condition does not, in and of itself, constitute constructive notice of the condition." Blackman v. Brookshire Grocery Co., 2007-348, p. 7 (La. App. 3 Cir. 10/3/07), 966 So. 2d 1185, 1190. However, "the presence or absence of such employee(s) in the vicinity of an unsafe condition is certainly a significant factor to be considered in determining whether a merchant had constructive notice." Id. Here, surveillance video and deposition testimony from the store manager verify the presence of multiple employees, including the produce manager, working in the area near the incident prior to Plaintiff's slip and fall. See Record Document 23; see also Record Document 25-3 at 6. The manager on duty at the time of the incident, Jeremy Miller,

testified that managers are trained to consistently look for hazards on the floor. See Record Document 25-3 at 5. Therefore, while the presence of employees near the incident is not on its own conclusive proof of constructive notice, it does serve as a "significant factor" in determining Defendant had constructive notice.

Defendant contends that because Plaintiff cannot identify the substance, the fact that it is brown does not satisfy the temporal element. See Record Document 22-1 at 9–10. In support of this contention, Defendant cites Crawford v. Brookshire Grocery Co., which found the plaintiff's testimony that the substance she slipped on was brown and dirty insufficient to survive summary judgment. 50, 151, p. 12 (La. App. 2 Cir. 9/30/15), 180 So. 3d 478, 486. The court in Crawford reasoned that because the plaintiff presented no evidence indicating that the substance was not brown to begin with, Plaintiff's testimony alone was insufficient to satisfy the temporal element of La. R.S. 9:2800.6. See id.

This case, however, is distinguishable from Crawford. Here, Plaintiff presented evidence regarding the identity of the substance. See Record Document 22-4 (accident report describing the substance as a "crushed banana"); see also Record Document 25-1 at 4–5 (Britt's deposition asserting that a manager or assistant manager said it looked like he slipped on a grape). Although there is no definitive evidence as to the identity of the substance, considering the location of Plaintiff's fall and the evidence presented, it is more likely than not that Plaintiff slipped on a grape or a banana. If a grape or banana was brown, it would indicate that it had been sitting out for "some period of time." Therefore, Defendants argument that Plaintiff cannot specifically identify the substance is without merit.

Defendant also asserts that the substance was put on the ground by a group of children a few minutes before Plaintiff slipped and fell, and, therefore an employee would have been unable to clear the substance before Plaintiff's fall. See Record Document 22-1 at 3, 8. However, this argument is inappropriate at the summary judgment stage. The Louisiana Supreme Court made clear that "[w]hether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question." White, 699 So. 2d at 1084. Thus, even assuming the children were the ones to drop the substance, whether two and half minutes is sufficient time to put employees on notice is "necessarily a fact question," and must be left to the jury to decide.

Viewing all evidence in favor of the Plaintiff, he has presented sufficient positive evidence to survive summary judgment on the issue of constructive notice. Thus, Defendant's Motion for Summary Judgment is **DENIED**.

## CONCLUSION

Based on the foregoing reasons, Brookshires' Motion for Summary Judgment (Record Document 22) is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 10th day of February, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT